[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13101
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20005-DPG-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO CORTES-CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 31, 2016)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Ernesto Cortes-Castro appeals *pro se* the denial of his motion to reclaim property. *See* Fed. R. Crim. P. 41(g). The district court ruled that Cortes-Castro voluntarily forfeited the property and waived any challenge to the forfeiture by pleading guilty to a crime connected to the property. We affirm.

The district court did not err by denying Cortes-Castro's motion because he no longer had a possessory interest in the property. After his arrest, Cortes-Castro agreed in writing to "abandon all claim to . . . and waive any further rights [to] proceedings relative to" several cellular telephones and laptop computers and a camera. Later, Cortes-Castro pleaded guilty based on a written agreement in which he consented "to forfeit to the United States voluntarily and immediately all of his right, title and interest in the cash, cellular telephones, and computers that were" used or purchased with the proceeds of his sex trafficking offense. Cortes-Castro argues that he was not given adequate notice of the forfeiture, in violation of his right to due process under the Fifth Amendment, but Cortes-Castro waived any challenge that he could have made to the seizure of the property when he entered his plea of guilty. *See United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). And Cortes-Castro declined to challenge his order of forfeiture, though he could have done so on direct appeal. *See* Fed. R. Crim. P. 32.2(b)(4)(A); *United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002).

We **AFFIRM** the denial of Cortes-Castro's motion to reclaim property.

2